**Prudence CHOU, Plaintiff–Appellant,**

v.

**Joan CHOW; et al., Defendants–Appellees.**

**No. 06–15545.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

Prudence Chou, Santa Rosa, CA, pro se.

Dezhan Li, Wong & Associates, Oakland, CA, for Defendants–Appellees.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Prudence Chou appeals pro se from the district court's judgment dismissing for lack of jurisdiction her action alleging her sister Joan Chow and government entities within the People's Republic of China ("China") improperly designated ownership of her deceased mother's property. We have jurisdiction under 28 U.S.C.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1291. We review de novo a dismissal for lack of subject matter jurisdiction, *Hexom v. Oregon Dep't of Transp.*, 177 F.3d 1134, 1135 (9th Cir.1999), and we affirm.

The district court properly dismissed Chou's claims against Chow without prejudice to filing in state court because there is no diversity or federal question jurisdiction. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (holding that 28 U.S.C. § 1332(a) applies only when the state citizenship of each plaintiff is diverse from the citizenship of each defendant); *Adelt v. Richmond Sch. Dist.*, 439 F.2d 718, 718 (9th Cir.1971) (per curiam) (actions arising under the Constitution, laws or treaties of the United States are within the purview of 28 U.S.C. § 1331(a)).

The district court also properly dismissed Chou's claims against China and its government entities, because China is a foreign state presumed immune from suit under the Foreign Sovereign Immunities Act, and Chou failed to show an applicable exception to that immunity. *See Phaneuf v. Republic of Indonesia*, 106 F.3d 302, 306–07 (9th Cir.1997).

Chou's remaining contentions lack merit.

**AFFIRMED.**